1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ESTER BURNETT,
CDCR #V-35245,

                                    Plaintiff,

                    vs.

M. TRUJILLO, et al.;

                                    Defendants.

Civil No.    10cv0764 DMS (CAB)

**ORDER DISMISSING FIRST
AMENDED COMPLAINT FOR
FAILURE TO STATE A CLAIM
PURSUANT TO  28 U.S.C.
§§ 1915(e)(2) AND 1915A(b)**

## I.

### Procedural History

On April 12, 2010, Ester Burnett ("Plaintiff"), a state prisoner currently incarcerated at High Desert State Prison located in Susanville, California, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  In his original Complaint, Plaintiff claimed that his constitutional rights were violated when he was housed at Centinela State Prison in 2008. *See* orig. Compl. at 1.

On May 10, 2010, this Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  In addition to notifying Plaintiff of the deficiencies of pleading, the Court informed Plaintiff that he must comply with Rule 8 of the Federal Rules of Civil Procedure.  *See* May 10, 2010 Order at 3-6.  Plaintiff was given leave to file a First Amended Complaint and after receiving an extension of time, Plaintiff filed his First Amended Complaint ("FAC") on August 13, 2010.  However, it is clear that Plaintiff failed to heed any of the Court's directions in the May 10, 2010 Order as he has filed an Amended Complaint that is twice as long as his original Complaint.    This also fails to comply with Local Rule 8.2 that informs prisoners that they must use the Court's approved § 1983 complaint forms and they may only attach an additional fifteen (15) pages.  *See* S.D. CIVLR 8.2(a).  Here, Plaintiff's FAC is over seventy pages long and contains rambling allegations which does not comply with either Rule 8 or Local Rule 8.2(a). Thus, while the Court will notify Plaintiff once again of the deficiencies of pleading, he is cautioned that if he files a Second Amended Complaint, he must comply in all aspects with this Court's Order.

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

As the Court stated in its previous Order, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as

amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**A.     Classification**

Plaintiff claims that his Fourteenth Amendment Due Process rights were violated when he was not permitted to be present at his classification hearings. *See* FAC at 11. As a result, Plaintiff was transferred to another prison. *Id.* Plaintiff does not have a constitutional right to be housed at a particular institution or to receive a particular security classification. *See Olim v. Wakinekona,* 461 U.S. 238, 244-50 (1983); *Meachum*, 427 U.S. at 224; *Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976). Thus, Plaintiff's Fourteenth Amendment due process claims relating to

1  the changes in his classification, are dismissed for failing to state a claim upon which relief can

2  be granted.

3  **B.    Job Assignment**

4      Plaintiff also claims that prison officials violated his Fourteenth Amendment due process

5  rights when they removed him from his job assignment without a proper hearing.  *See* FAC at

6  11.  However, Plaintiff does not have a constitutional right to a job while he is in prison.

7  *See Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th. Cir. 1986) (inmates have no

8  constitutional right to participate in prison work programs).  Thus, Plaintiff's Fourteenth

9  Amendment due process claims relating to his job assignment are dismissed for failing to state

10  a claim upon which relief may be granted.

11  **C.    Good Time Credits and *Heck***

12      As the Court previously informed Plaintiff, his claims relating to his disciplinary hearing

13  in which he lost good-time credits must be dismissed because they are premature under the

14  doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Constitutional claims

15  involving a prison's disciplinary or administrative decisions to revoke good-time credits are

16  subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) since

17  habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a

18  determination that a disciplinary judgment is invalid or the sentence currently being served is

19  unconstitutionally long.  *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at

20  486-87; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

21      Here, Plaintiff claims that correctional officers falsified reports and issued him a rules

22  violation report.  *See* FAC at 11-12.  Plaintiff alleges that "during Plaintiff's disciplinary hearing

23  [on March 25, 2008] Trujillo offered totally false testimony" which resulted in Plaintiff losing

24  "good time credits as a direct result of Trujillo false testimony."  *Id.* at 12.  Plaintiff also alleges

25  that his disciplinary hearing was a result of a conspiracy and retaliation by all the named

26  Defendants.  *Id.* at 12 - 67.

27      In order to state a claim for damages under section 1983 based on these allegations under

28  *Heck* and *Edwards*, however, Plaintiff must allege facts sufficient to show that Defendants'

1   decision to remove his credits has already been "reversed on direct appeal, expunged by
2   executive order, declared invalid by a state tribunal authorized to make such a determination, or
3   called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  Once again,
4   Plaintiff has failed to do so; therefore, he must sufficiently amend his pleading to provide such
5   a showing before any cause of action for damages accrues under the Civil Rights Act. *Id.*

6   In fact, it is unlikely that Plaintiff will be able to do so in this action.  Plaintiff admits that
7   he is still seeking the return of his good time credits in a separate action filed as *Burnett v.*
8   *Smelosky*, S.D. Cal. Civil Case No. 09cv2682 MMA (BLM). *See* FAC at 13.  Thus, because that
9   matter is still pending, Plaintiff will be unable to show in this action that he has complied with
10  *Heck*.

11  **D.     Fourteenth Amendment Due Process Claims**

12  Plaintiff also alleges that his due process rights were violated during his disciplinary
13  hearing which led to the loss of good time credits and time spent in Administrative Segregation
14  ("Ad-Seg").  Even if Plaintiff were able to overcome the *Heck* bar, which is unlikely at this time,
15  he has failed to state a Fourteenth Amendment due process claim.  "The requirements of
16  procedural due process apply only to the deprivation of interests encompassed by the Fourteenth
17  Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569
18  (1972).  State statutes and prison regulations may grant prisoners liberty interests sufficient to
19  invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  However,
20  the Supreme Court has significantly limited the instances in which due process can be invoked.
21  Pursuant to *Sandin v. Conner*,  515 U.S. 472, 483 (1995), a prisoner can show a liberty interest
22  under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in
23  confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary
24  incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28
25  (9th Cir. 1997).

26  In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution
27  because he has not alleged, as he must under *Sandin*, facts related to the conditions or
28  consequences of  his placement in Ad-Seg which show "the type of atypical, significant

deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend. The Court also cautions Plaintiff, once again, that he must comply with Rule 8 and S.D. CɪᴠLʀ 8.2(a).

/ / /

/ / /

**III.**

**CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED:  August 24, 2010

_____
HON. DANA M. SABRAW
United States District Judge